IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT W. WINKEL,

    Petitioner,

v.                                      Case No. 5:14-3214-JTM

WARDEN JAMES HEIMGARTNER,

    Respondent.


**MEMORANDUM AND ORDER**

This matter is before the court on petitioner Robert W. Winkel's Motion to Amend or Make Additional Factual Findings, pursuant to Federal Rule of Civil Procedure 52(b). Dkt. 14. On August 31, 2015, the court denied petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 and Motion for Conditional Release. Dkt. 12. Petitioner now seeks to overturn this court's dismissal and findings that the petition filed in this case was procedurally defaulted. Finding no valid ground for relief from judgment, petitioner's Motion to Amend or Make Additional Factual Findings is denied.

**II.**        **Legal Standard**

Rule 52(b) allows, upon a motion filed no later than 28 days after entry of judgment, the court to amend its findings or make additional findings and amend the judgment accordingly. FED. R. CIV. P. 52(b). Generally, this rule applies to findings of fact and conclusions of law entered after a non-jury trial. *May v. Kansas*, 2014 U.S. Dist. LEXIS 177122, at *2 (D. Kan. Dec. 18, 2013).

Here, the court did not enter specific findings of fact or conclusions of law pursuant to Rule 52(a). As such, petitioner's motion might be more properly considered as one made under Rule 59(e), which also allows a party to file a motion to alter or amend a judgment no later than 28 days after the entry of judgment. The result would be the same regardless of which rule is used.

> A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; it is not an opportunity for parties to relitigate old issues or to advance new theories. Similarly, a motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Neither type of motion permits a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. A rule 59(e) motion is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief.

*May*, 2013 U.S. Dist. LEXIS 177122, at *2-3 (internal citations omitted).

### III.    Discussion

In denying his petition for habeas corpus, this court held that petitioner procedurally defaulted on his claims, as he failed to complete direct review of the claims in state court. Dkt. 12, at 5. More specifically, petitioner failed to seek review in the Kansas Supreme Court, acknowledging that his petition for review to that court was untimely filed. Dkt. 12, at 5. Nor was there any evidence in the state court record of any post-conviction proceedings. Dkt. 12, at 5. Petitioner originally claimed that his motion for direct review to the Kansas Supreme Court was timely filed pursuant to the "prison mailbox rule."[1] However, as the court articulated in its

---

[1] The "prison mailbox rule" was first articulated by the United States Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), and states that "a pro se prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v.*

Memorandum and Order, petitioner failed to provide sufficient evidence in support of his compliance with the rule. Dkt. 12, at 7. Namely, petitioner failed to submit the necessary verification required by 28 U.S.C. § 1746, the verification he *did* submit failed to include any statement about first-class postage or such postage being prepaid, and he failed to attach a copy of a prison log of outgoing mail, which might have confirmed that his legal mail was indeed surrendered for mailing on the date petitioner claimed. Dkt. 12, at 7.

As grounds for his current motion, however, petitioner changes his argument and argues that, as a prisoner, he gained the benefit of the "three-day mail rule" and therefore *did* timely file his appeal to the Kansas Supreme Court. Dkt. 14, at 2. In support of his argument, petitioner cites to K.S.A. § 60-206(d), which states that "[w]hen a party may or must act within a specified time after service and service is made under subsections (b)(2)(C), (D), (E), or (F) of K.S.A. 60-205, and amendments thereto, three days are added after the period would otherwise expire under subsection (a)."

As noted above, a motion made pursuant to Rule 52(b) "is not an opportunity for parties to relitigate old issues or to *advance new theories* . . . [it] is not a second chance for the losing party to makes its strongest case or to dress up arguments that previously failed." *May*, 2013 U.S. Dist. LEXIS 177122, at *2-3 (emphasis added). Here, petitioner's current argument simply advances a new theory as to why his § 2254 petition should not be denied as procedurally defaulted: because of the "three-day mail rule." This he cannot do.

Rather, petitioner must show: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of

---

*Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005); *see also* FED. R. APP. P. 4(c)(1) (incorporating mailbox rule for an inmate's "notice of appeal in either a civil or a criminal case.").

due diligence; or (3) the need to correct clear error or prevent manifest injustice.  Petitioner fails to make mention of, let alone satisfy, any of these requirements.

**IT IS THEREFORE ORDERED**, this 5th day of October, 2015, that petitioner's Motion to Amend or Make Additional Factual Findings pursuant to Rule 52(b) (Dkt. 14) is hereby denied.

**IT IS FURTHER ORDERED** that the court denies a certificate of appealability in this case.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE